UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BROOKE GLADU,** § | | |
| § | | |
| Plaintiff, § | | **CIVIL ACTION NO.: 3:22-cv-1181** |
| v. § | | |
| § | | |
| **ONE WORLD FREIGHT SYSTEMS** § | | **JURY TRIAL DEMANDED** |
| **d/b/a NOR-TEX TRANSPORT** § | | |
| **SERVICES LLC** § | | |
| § | | |
| Defendant. § | | |

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

COMES NOW Plaintiff Brooke Gladu ("Plaintiff") and files her Motion for Attorneys' Fees pursuant to this Court's April 16, 2024 Memorandum Opinion and Order [Dkt. No. 25], and respectfully shows the Court as follows:

### BACKGROUND

On May 31, 2022, Plaintiff filed her Original Complaint against Defendant One World Freight Systems d/b/a/ Nor-Tex Transport Services LLC alleging hostile work environment and retaliation claims under Title VII (42 U.S.C. §§ 2000e *et seq.*), the Texas Labor Code (§§ 21.001 *et seq.*), and any other causes of action that may be inferred from the facts alleged therein. On April 16, 2024, the Court entered a Memorandum Opinion and Order [Dkt. No. 25] by which it granted Plaintiff's First Amended Motion for Default Judgment. [Dkt. No. 23]. In its Order, the Court awarded Plaintiff $51,51,150 in backpay damages, $50,000 in compensatory damages, and the Court Ordered Plaintiff to submit a Bill of Costs and a motion to recover attorney's fees. [*Id*].

Plaintiff incurred $11,056.25 in reasonable and necessary attorneys' fees in filing and prosecuting this Action against the defaulting Defendant.[1] A true and correct copy of the detailed billing statements of attorneys' fees is attached hereto as Exhibit A-1. App.004-006. Plaintiff incurred $547.45 in itemized attorney expenses. A true and correct copy of the detailed billing statements of attorneys' fees is attached hereto as Exhibit A-2. App.007-008. Accordingly, in this Motion, Plaintiff requests an award of attorneys' fees in in the amount of $11,056.25 incurred in prosecuting this Action.

## ARGUMENT

An award of attorney's fees is governed by "the same law that serves as the rule of decision for the substantive issues in the case. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). Congress enacted 42 U.S.C. § 2000e-5(k) to authorize district courts to award reasonable attorney's fees to the prevailing party in actions under Title VII of the Civil Rights Act of 1964. *See Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) ("The [attorney's fee] awards facilitate [civil rights] plaintiffs' access to the courts to vindicate their rights by providing compensation sufficient to attract competent counsel"). Moreover, "the court's discretion to deny a fee award to a prevailing plaintiff [in a Title VII case] is narrow." *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 68 (1980); *see also Tureaud v. Grambling State Univ.*, 294 F. App'x 909, 917 (5th Cir. 2008) ("a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances.") (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 417 (1978)).

---

[1] *See* Exhibit A, Declaration of Jay D. Ellwanger. *See* App. 001–003.

Pursuant to the Court's Order granting Plaintiff's First Amended Motion for Default Judgment, Plaintiff Gladu is a prevailing party under a Title VII claim subject to 42 U.S.C. § 2000e-5(k) and she is therefore entitled to the award of attorneys' fees. *See Vaughn v. Nebraska Furniture Mart, LLC*, 2020 WL 1695695, at *6 (N.D. Tex. 2020) (granting Plaintiff's Motion for Default Judgment and granting Plaintiff's request for attorneys' fees where "[t]he court may award reasonable attorneys' fees to the prevailing party in a Title VII action.) (citing 42 U.S.C. §§ 1988(b)); *see also Cisneros v. UTC Providers-Austin, Inc.*, 2019 WL 13253467, at *7 (W.D. Tex. 2019) ("Attorney's fees are routinely awarded to prevailing civil rights plaintiffs) (citing *White v. S. Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982). The only factor left for the Court to determine is the reasonableness of the attorneys' fees and costs. *Id*. Plaintiff Gladu's request for attorneys' fees and costs is "reasonable, sufficiently segregated, and supported by sufficient evidence." *GFRS Equip. Leasing Fund II, LLC v. Nguyen*, 2022 WL 16577311, at *1 (N.D. Tex. Oct. 31, 2022).

### I. Plaintiff's Requested Attorneys' Fees are Reasonable.

In determining the reasonableness of fees, the Fifth Circuit applies a two-step analysis. *Combs*, 829 F.3d at 391 (citation omitted). First, the court must calculate the lodestar which is "the reasonable hours expended multiplied by a reasonable rate." *Id*. at 394. Second, the court should then determine whether there are special circumstances, commonly referred to as the *Johnson* factors, that suggest an increase or decrease of the lodestar. *Id*. at 395; *see also Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).[2] However, the second step must be taken in light

---

[2] The court may adjust the lodestar based on twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

of the "strong presumption that the lodestar represents a sufficient fee" and "enhancements must necessarily be rare." *Combs*, 829 F.3d at 395; *see also Kostic v. Texas A&M Univ.-Com.*, 2015 WL 9997211, at *2 (N.D. Tex. Dec. 28, 2015), report and recommendation adopted, 2016 WL 407357 (N.D. Tex. Feb. 3, 2016) ("However, a court may not adjust the award on the basis of any factor already accounted for in calculating the lodestar.") (citation omitted). Further, the court must provide "a reasonably specific explanation for all aspects of a fee determination." *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 380 (5th Cir. 2010), on reh'g en banc, 660 F.3d 841 (5th Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)).

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case" and … "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Combs*, 829 F.3d at 392–93 (quoting *Perdue*, 559 U.S. at 552). Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *McClain*, 649 F.3d at 381 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

Further, in determining the reasonableness of the number of hours expended in a case, "[t]he party seeking attorney's fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "Contemporaneous billing records are acceptable documentation for determination of reasonable hours." *Cortes-Castillo v. One Time Constr. Texas LLC*, No. 3:21-CV-2093-BH, 2023 WL 5826976, at *3 (N.D. Tex. Sept. 8, 2023) (citation omitted).

---

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Add citation here

Plaintiff Gladu first hired Ellwanger Henderson LLLP in 2022, formerly known as Ellwanger Law LLLP ("Ellwanger Henderson"), to prosecute her claims against Defendant.[3] Ellwanger Henderson is a well-known civil rights law firm specializing in employment matters.[4] Ellwanger Henderson represents clients nationwide with offices in Texas in Austin and Dallas, and the firm has litigated several cases in the Northern District of Texas.[5]

Throughout the two-year duration of this case, Plaintiff's attorneys were required to: meet with Plaintiff to understand and formulate her legal claims; file an EEOC Charge and attend to Plaintiff's Charge throughout the EEOC process; determine the legal issues present; identify the Defendant at fault; engage in numerous attempts to affect service; conduct legal research; communicate with parties and witnesses; draft several motions at the pleadings stage of this litigation; file a Motion to strike and perform legal research in connection with same; move for default judgment upon Defendants failure to appear, which included garnering the information necessary to prove Plaintiff's claims on the merits and for her claims of damages.

As set forth in more detail in the attached Declaration of Plaintiff's attorney, Ellwanger Henderson's billing rate ranges from an hourly rate of $100 for project assistants to $575 per hour for partners, depending upon the experience level and the reasonable billing rate of the particular attorney or legal assistant performing the work.[6]

---

[3] *See* Declaration of Jay D. Ellwanger attached as Exhibit A, App.001-003.
[4] *See Id*.
[5] *Id.*
[6] According to the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, prices for legal services are 21.94% higher in 2023 versus 2017 (a $126.13 – $21.94 difference range in value). *See* "Consumer Price Index for Legal Services", U.S. Bureau of Labor Statistics, https://www.officialdata.org/Legal-services/price-inflation/2017-to-2023?amount=575 (last visited Nov. 14, 2023); "Consumer Price Index for Legal Services", U.S. Bureau of Labor Statistics, https://www.officialdata.org/Legal-services/price-inflation/2017-to-2023?amount=100 (last visited Nov. 14, 2023).

Ellwanger Henderson's requested hourly rate is justified by the attorney's and staff's skills, experience, and accomplishments in the area of employment and civil rights litigation.[7] *See Kostic.*, 2015 WL 9997211, at *3 (N.D. Tex. Dec. 28, 2015), adopted by 2016 WL 407357 (N.D. Tex. Feb. 3, 2016) (approving an hourly rate of $650.00 for an experienced employment law attorney in a Title VII case); *Vaughn v. Nebraska Furniture Mart, LLC*, 2020 WL 1695695, at *6 (N.D. Tex. Mar. 12, 2020), report and recommendation adopted, 2020 WL 1694782 (N.D. Tex. Apr. 7, 2020) (finding that Plaintiff's counsel requested rate of $500 per hour was reasonable); *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (finding that the attorneys reduced hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates).

Further, Plaintiff Gladu does not seek an enhancement of the lodestar amount based on the *Johnson* factors because the lodestar fee has already accounted for all the relevant *Johnson* factors in this action. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting.").

Accordingly, Ellwanger Henderson's reasonable attorney's fees amounted totaled to $11,056.25.[8] The total amount of attorney fees for this case is $11,056.25. Declarations supporting the fees have been attached and are incorporated herein by reference.

## II.     Plaintiff's Requested Costs are Reasonable.

In addition to attorneys' fees, Plaintiff Gladu is entitled to an award of costs under FED. R. CIV. P. 54(d)(1) which provides that "costs other than attorneys' fees should be allowed to the

---

[7] The *Texas Employment Lawyer Association's 2023 Attorney's Fee Yearbook* has compiled a list of reasonable hourly rates charged by labor and employment attorneys of comparable skill, expertise, and experience in the Northern District of Texas. *See* Texas Employment Lawyer Association's 2023 Attorney's Fee Yearbook at 34-66, attached hereto as Exhibit B, App. 009-245.
[8] *See* Exhibit A, App.001-003; *see also* Exhibit A-1, App.004-006.

prevailing party" unless the court otherwise directs. FED. R. CIV. P. 54(d)(1). Moreover, the Fifth Circuit strongly presumes that the court will award costs to the prevailing party. *See Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 430 (5th Cir. 2000) ("the standard procedure is to award costs to the prevailing party in Title VII suits."); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("We recognize a strong presumption that the court will award costs to the prevailing party") (citation omitted).

Recoverable costs to a prevailing party include "[a]ll reasonable out-of-pocket expenses, including charges for expert costs, shipping of documents, court reporters' costs, photocopying, paralegal assistance, travel, and telephone … because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc. v. The Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). As such, Ellwanger Henderson's reasonable costs amounted to an additional $11,056.25. The total amount of reasonable costs for this case is $547.45. Declarations supporting the costs have been attached and are incorporated herein by reference.

## **CONCLUSION**

Plaintiff respectfully requests that this Court grant this motion and award Plaintiff's reasonable attorneys' fees in the amount of $16,337.50 and reasonable costs in the amount of $547.45. In total Plaintiff seeks $16,884.95. Accordingly, Plaintiff's Motion for Attorney's Fees and Costs should be granted in full.


Dated: April 30, 2024                                             Respectfully submitted,

                                                                  */s/ Jay D. Ellwanger*
                                                                  Jay D. Ellwanger
                                                                  Texas State Bar No. 24036522
                                                                  jellwanger@equalrights.law

David W. Henderson<br>
Texas State Bar No. 24032292<br>
dhenderson@equalrights.law<br>
**ELLWANGER HENDERSON LLLP**<br>
400 S. Zang Blvd., Suite 600<br>
Dallas, Texas 75208<br>
(469) 998-6775 Telephone<br>
(469) 998-8002 Facsimile

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following by Federal Express, as service via ECF would be ineffective as Defendant has not engaged counsel who is admitted to practice before this Court.

Anel Becirevuic

1313 Jetty Knot Trail, Wylie, TX 75098

*/s/ Jay D. Ellwanger*<br>
Jay D. Ellwanger