UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE GLADU, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-CV-1181-X |
| ONE WORLD FREIGHT SYSTEMS, d/b/a NOR-TEX TRANSPORT SERVICES LLC | § § § § | |
| *Defendant.* | § | |

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff Brooke Gladu's motion for attorney's fees. (Doc. 26). The Court **GRANTS** Plaintiff's motion, awarding $16,337.50 in attorney's fees and $547.45 in costs for Ellwanger Henderson's representation.

### I. Legal Standard

The prevailing side in a lawsuit cannot normally collect attorney's fees from the loser.[1] A major exception to this rule is fee-shifting statutes.[2] Title VII, the governing statute in this case, allows for the recovery of attorney fees.[3]

The Fifth Circuit currently provides a two-step method to calculate the award of fees.[4] First, courts will calculate the lodestar, "reasonable hours times reasonable

---

[1] *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975).

[2] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561–62, (1986).

[3] 42 U.S.C. § 2000e-5(k).

[4] *See Chun v. Fluor Corp.*, No. 3:18-CV-1338-X, 2024 WL 2402083, *1, at *4 (N.D. Tex. May 23, 2024) (citing *Jimenez v. Wood Cnty.*, 660 F.3d 841, 844 n.1 (5th Cir. 2011)).

1

rates."[5]  Then courts will determine if any special circumstances justify adjusting the award by running the lodestar through the gauntlet of the "hopelessly amorphous" *Johnson* factors' gauntlet.[6]  The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[7]

But courts must undertake this adjustment in light of a strong presumption of the lodestar's sufficiency.[8]

## II. Analysis

The Court starts by calculating the trusty lodestar for attorney's fees. Plaintiff provided detailed itemized records of each attorney's hours and their rates, with an accompanying declaration.[9]  The declaration and itemized records provide the following amounts.[10]  Partner Jennifer Jones Despins worked .75 hours on this case, at a rate of $525 per hour, resulting in a charge of $393.75.[11]  Toby Costas worked 9.25 hours, at a rate of $475 per hour, giving a total charge of $4,393.75.  Associate

---

[5] *Id* at *6.

[6] *Id* at *8.

[7] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[8] *Fluor*, 2024 WL 2402083, at *4.

[9] Doc. 27 at 3–10.

[10] *See id.*

[11] *Id.*

attorney Madison Chilton worked 28.5 hours on this case, at a rate of $325 per hour, resulting in a charge of $9,262.50. Paralegal Adrian Cabello worked 2.5 hours at a rate of $175, giving a total charge of $437.50. Senior paralegal Joel Wright worked 5.5 hours on this case, at a rate of $200 per hour, giving a total charge of $1,100. Finally, legal assistant Shannon Plunkett worked a total of 3.75 hours at a rate of $200 per hour, giving a total charge of $750.

Plaintiff also included extensive documentation in the appendix supporting these rate's reasonability.[12] Based off this information, the Court finds that the listed rates are reasonable in the Dallas community for attorneys of equivalent skill and experience.[13] As such, the Court sums these fees to calculate Ellwanger Henderson's total award of $16,337.50 in attorney's fees. Accordingly, the Court awards $16,337.50 in attorney's fees for Ellwanger Henderson's representation. This award is consistent with the *Johnson* factors.[14] As such, the Court sees no reason to adjust

---

[12] *See* Doc. 27.

[13] See also *Mai v. Art Inst. of Dallas AII, LLC*, No. 3:23-CV-1275-D, 2023 WL 8005315 *1, at *2 (N.D. Tex. Nov. 17, 2023) (Fitzwater, J.) (finding similar rates reasonable for Dallas attorneys and noting that "[t]he trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees.").

[14] Nothing in the record suggests this case presented any novel legal question requiring special skills, justifying a deviation upward under factors 2, 3, or 9. In addition, nothing indicates this case represented a unique burden on Plaintiff's attorney's time and reputation, justifying a deviation upwards under factors 1, 4, 7, 10, or 11. And factors 5, 6, 8, and 12 support a finding that the Court should abstain from adjusting the reasonable fee given by the lodestar method. This is consistent with Plaintiff's view, stating that "Plaintiff Gladu does not seek an enhancement of the lodestar amount based on the *Johnson* factors because the lodestar fee has already accounted for all the relevant *Johnson* factors in this action." Doc. 26 at 6.

this award based off the *Johnson* factors.

The Court now looks at costs. Ellwanger Henderson requests $547.45 in expenses. Ellwanger Henderson attached a detailed breakdown of the expenses incurred.[15] The Court finds the requested expenses reasonable. As such, the Court awards Ellwanger Henderson $547.45 in costs.

### III. Conclusion

The Court finds the requested hourly rates and claimed hours reasonable for Ellwanger Henderson's representation. As such, the Court adopts the result of the lodestar method of multiplying these amounts together to yield a reasonable fee. The Court does not find any reason to adjust this result in light of the Johnson factors. The Court **GRANTS** Plaintiff's motion for attorney's fees, awarding Ellwanger Henderson $16,337.50 in attorney's fees and $547.45 in expenses.

**IT IS SO ORDERED** this 19th day of July, 2024.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 27 at 9–10.